IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

Vs.     CASE NO.  4:05cr00242-01  JMM
        CASE NO.  4:06cr00054-01  JMM

TIMOTHY DEWAYNE HIBBLER

ORDER

Pending is Defendant's motion to sever (docket entry #38 in case 4:05cr00242 and docket entry #26 is case 4:06cr0054). For the reasons stated below the motion is denied.

In case 4:05cr242, Defendant was indicted on September 7, 2005, with one count of possessing a firearm in violation of 18 U.S.C. § 922(g)(1). In case 4:06cr00054, Defendant was indicted on February 8, 2006, with one count of possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and one count of possessing a sawed off shotgun in violation of 26 U.S.C. § 5861.

On June 30, 2006, these two cases were consolidated for trial purposes pursuant to Rule 13 of the Federal Rules of Criminal Procedure, which states that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." F.R.Cr.P. 13.

Defendant contends that pursuant to Rule 8 of the Federal Rules of Criminal Procedure, the offenses in the instant cases could not have been joined in a single indictment or information, resulting in consolidation being inappropriate under Rule 13 of the Federal Rules of Criminal Procedure. In addition, Defendant argues that a jury might

infer guilt in one case by using evidence of the other case.

Rule 8 of the Federal Rules of Criminal Procedure states that an "indictment . . . may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character . . ." F.R.Cr.P. 8

The Court has reviewed the indictments and finds that they are of the same or similar character and that a jury will be able to compartmentalize the evidence as to each charge.

IT IS SO ORDERED THIS 29th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE