# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

VS.                         CASE NO. 4:06CR00054
                            CASE NO. 4:05CR00242
TIMOTHY DEWAYNE HIBBLER

## ORDER

Before the Court are Defendant's Motion to Suppress Statement and Motions to Suppress Evidence.  The Court heard testimony and arguments on the motions on August 27, 2007.

I.  <u>Motion to Suppress Statement in Case No. 4:05CR00242 (#42)</u>

The Court finds that the statement given by Defendant to Lt. James Golden on February 28, 2005 was voluntary and after defendant made an intelligent waiver of his right to remain silent.  The Court credits the testimony of Lt. Golden and finds that defendant was advised of his Miranda rights and signed a form a form acknowledging that he fully understood them.  Although Golden admitted he did not specifically advise Defendant that he was waiving his right to remain silent, waiver can be inferred from the circumstances including the fact that Defendant had extensive experience with the criminal justice system.

The United States of America has met its burden of proof that the statement was voluntary.

II.  <u>Motion to Suppress Evidence in Case No. 4:06CR00054 (#29)</u>

The Court also finds no violation of Defendant's 4th Amendment rights with respect to the firearms discovered during a warrantless search on September 28, 2005.  The Court finds Defendant had no standing to object to the search of the residence occupied by Angelina

Robinson. Although Defendant had previously had a romantic relationship with Robinson, at the time of the search he was an uninvited guest and had no claim to occupancy. Robinson freely gave her consent to search of the residence and reported to the officer that Defendant was in possession of a firearm.

Furthermore, Robinson was acting as Defendant's agent and not the agent of the police when she opened the trunk of the car in which a shotgun was found in plain view. The United States of America has met its burden of proving that the search of the residence was consensual and that Defendant authorized Robinson to open the trunk which exposed the firearm which was in plain view.

III. Motion in Limine in Case No. 4:05CR00242 (#43)

Defendant filed a Motion *In Limine* which is granted in part and denied in part. Defendant withdrew his objection to evidence of the altercation between LaSonya Helms and Defendant. The motion to exclude evidence that Defendant was combative after his arrest on February 28, 2005 is granted but the motion to exclude evidence that Defendant attempted to avoid arrest by fleeing is denied. The motion to exclude evidence that Defendant threaten Angela Robinson with a firearm is granted although evidence that Robinson saw a firearm in Defendant's possession will be admissible.

IT IS SO ORDERED THIS   28   day of    August   , 2007.

James M. Moody
United States District Judge