**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**VS.**  4:05-CR-00242-01-JM
 4:16-CV-00448-JM

**TIMOTHY HIBBLER**

### ORDER

Pending is Defendant's Amended Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 based on *Johnson v United States*[1] (Doc. No. 96). The Government has responded.[2] For the reasons set out below, the motion is GRANTED.

**I.    BACKGROUND**

On August 28, 2007, a jury found Defendant guilty of being a felon in possession of a firearm.[3] On December 14, 2007, he was sentenced to 262 months in prison to run concurrently with the sentence imposed in a separate federal case[4] and 5 years supervised release.[5] Defendant's sentence was enhanced under the Armed Career Criminal Act ("ACCA") based on two prior convictions for terroristic threatening and a conviction for arson.

---

[1] 135 S. Ct. 2551 (2015).

[2] Doc. No. 98.

[3] Doc. No. 26.

[4] *United States v. Hibbler*, No. 4:06-CR-00054-JM (E.D. Ark.).

[5] Doc. Nos. 59, 60.

**II.     DISCUSSION**

Under the ACCA a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ."[6] "Violent felony" was defined, in part, as a felony that:

    (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[7]

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In *Johnson v. United States*,[8] the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.

The Government concedes that Defendant's prior convictions for terroristic threatening are no longer a "violent felonies" under the ACCA. Accordingly, the ACCA does not apply, because Defendant no longer has three prior qualifying convictions.

Without the ACCA enhancement, Defendant's total offense level is 28[9] and his criminal history category is VI. Though this results in a guideline range of 140-175 months, that range is above the statutory maximum, so the range is 120 months.

---

[6] 18 U.S.C. § 924(e)(1).

[7] 18 U.S.C. § 924(e)(2)(B).

[8] 135 S. Ct. at 2557.

[9] Defendant's base offense level is 22 under USSG § 2K2.1 and he receives a 6-level increase because the firearm was stolen and used in connection with another felony.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 96) is GRANTED.  Under the Sentencing Reform Act of 1984, and considering provisions found in 18 U.S.C. § 3553, Defendant's sentence is reduced to 120 months.  Supervised release is 3 years.  All other conditions from the original judgment remain the same.[10]

IT IS SO ORDERED this 28th day of March, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[10] Doc. No. 60.